UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS. CASE NO: 2:15-cr-59-FtM-38MRM

YOHANY HERNANDEZ-HERNANDEZ
_________________________________/

**ORDER**[1]

This matter comes before the Court on the United States' Motion in Limine to Exclude Defendant's Expert Witness (Doc. #105) filed on February 22, 2016. Defendant Yohany Hernandez-Hernandez filed a Response to Government's Motion in Limine (Doc. #110) on March 1, 2016. The Government's motion is thus ripe for review.

**BACKGROUND**

On May 13, 2015, a federal grand jury indicted Defendant for knowingly transporting five illegal aliens within the United States for financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i). (Doc. #12). This case is currently set for trial on March 9, 2016, and the Government lists each alien on its Witness List. (Doc. #102). Pertinent here, the aliens are subject to removal from the United States, but they have allegedly received benefits from the Government regarding their removal proceedings.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

On February 18, 2016, Defendant notified the Government that it intended to call Donald A. Rogers, a former federal immigration judge, as a witness. (Doc. #105-1). Defendant provided the following witness summary:

> Judge Rogers will explain to the jury the removal procedure employed by Immigration and Customs enforcement ["ICE"] and the United States immigration courts. Based upon his knowledge of immigration procedure, and his review of the immigration files, he will testify as to the specific discretionary benefits which have been conferred on the government witnesses in this case. These include the delay in initiating removal proceedings, release, and, in two instances, Deferred Action. He will additionally explain the implications of Deferred Action, and the circumstances under which this benefit is generally awarded. He will additionally explain how the removal proceedings would have progressed in the absence of the benefits conferred by the government. Should the government attempt to suggest that immigration officials would favorably consider Deferred Action so as to allow defense witnesses to remain in the United States, he will refute that claim.

(Doc. #105-1).

The Government now moves to exclude Judge Rogers' testimony under Rule 702 of the Federal Rules of Evidence. (Doc. #105). Defendant counters that Judge Rogers' testimony is admissible under the applicable laws and essential to confront the witnesses and explore their motives and biases in the Government's favor. (Doc. #110).

**DISCUSSION**

The starting point of the Court's analysis is Rule 702, which governs the admissibility of expert testimony. Fed. R. Evid. 702. It provides that

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 is a codification of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny. In *Daubert*, the Supreme Court concluded that federal district courts should serve as a gatekeeper in determining the admissibility of expert testimony, and it directed such courts to "ensure that any and all scientific testimony or evidence is not only relevant, but reliable." *Id.* at 589. Six years later, the Supreme Court in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) extended its reasoning in *Daubert* to non-scientist experts, applying it to testimony on technical and other specialized knowledge.

In determining the admissibility of expert testimony, the district court analyzes three factors: (1) the witness' qualifications to be an expert; (2) the reliability of the expert's testimony; and (3) the extent to which the testimony will be helpful to the trier of fact. *See United States v. Azmat*, 805 F.3d 1018, 1041 (11th Cir. 2015) (citing *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004)). "The burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." *Kilpatrick v. Breg, Inc.,* 613 F.3d 1329, 1335 (11th Cir. 2010). The district court is afforded broad in admitting expert testimony. *See Cook v. Sheriff of Monroe Cty.,* 402 F.3d 1092, 1103 (11th Cir. 2005).

As stated, Defendant intends Judge Rogers to testify about (1) the removal procedure employed by ICE and the United States immigration courts; (2) the discretionary benefits conferred on the five illegal aliens in this case; (3) the implications

of deferred action and the circumstances under which this benefit is generally awarded; and (4) how the aliens' removal proceedings would have progressed absent the benefits conferred by the Government. (Doc. #105-1). In addition, if the Government suggests that immigration officials favorably consider deferred action to allow these witnesses to remain in the United States, Judge Rogers will refute that claim. (Doc. #105-1). The Government argues Judge Rogers' expert testimony does not satisfy any of Rule 702's factors. The Court is unpersuaded.

First, the Government challenges Judge Rogers' qualifications to offer the above opinions. It specifically takes issue with Judge Rogers discussing deferred action because the decision to award deferred action does not rest with an immigration judge but rather another government agency. Rule 702 permits a person to qualify as an expert based on his knowledge, skill, experience, training or education. Fed. R. Evid. 702. Judge Rogers served as a federal immigration judge for nearly seventeen years before retiring in 2010. (Doc. #105-1 at 3). The Court is hard-pressed not to find that he is qualified to testify about immigration procedures, including the benefits conferred upon the aliens. The Government is free to cross-exam Judge Rogers at trial about his qualifications.

Second, Judge Rogers' knowledge and experience with federal immigration laws and procedure is sufficiently reliable. Judge Rogers will rely on his seventeen-years of experience, his review of the illegal aliens' files, and knowledge of immigration procedure. *See Frazier*, 387 F.3d at 1260-61 (recognizing that experience in a field may offer "another path" to expert status).

Third, the Court must decide whether Judge Rogers' testimony will assist the trier of fact. Defendant argues that it is crucial for the jury to understand that the aliens benefitted by their agreement to testify against him. While it is not hard to imagine a scenario where such evidence would become relevant in this case, Defendant's assertion that Judge Rogers' testimony must be categorically allowed is merely speculative at this time. Depending on the facts introduced at trial, his testimony may be cumulative or needlessly time consuming. *See id.* at 1263. The Court, therefore, reserves ruling on whether to preclude Judge Rogers from testifying and, if applicable, the extent of his testimony.

Accordingly, it is now

**ORDERED:**

The Court **reserves ruling** on the United States' Motion in Limine to Exclude Defendant's Expert Witness (Doc. #105) until trial.

**DONE AND ORDERED** at Fort Myers, Florida, this 4th day of March, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record