UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                          CASE NO: 2:15-cr-59-FtM-38MRM

YOHANY HERNANDEZ-HERNANDEZ
                                                    /

**ORDER**[1]

This matter comes before the Court on the United States of America's Motion for Reconsideration filed on February 24, 2016. (Doc. #107). The Court reviews the Government's motion without the benefit of a response from Defendant Yohany Hernandez-Hernandez.

**BACKGROUND**

On May 13, 2015, a federal grand jury indicted Defendant for knowingly transporting five illegal aliens within the United States for financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i). In preparation for trial, Defendant moved to exclude the three officers who initiated the underlying traffic stop from testifying about their perception of "criminal indicators" in the rental car that Defendant was driving. (Doc. #78). Specifically, Defendant moved to exclude testimony about the following:

- the existence and significance of a Elegua statute;

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

- the ethnic incongruity between Defendant, who is Cuban, and the passengers who appeared to be from Central America;

- any opinion that rental vehicles are associated with criminal activity;

- any opinion that Defendant's rental vehicle was "personalized" to avoid detection from law enforcement; and

- the use of snap on window shades as indicative of criminal activity.

(Doc. #78 at 4-5).  Defendant argued that such testimony was irrelevant under Rules 401 and 403 of the Federal Rules of Evidence and constituted impermissible expert testimony under Rule 702.  The Government did not to file a written opposition to Defendant's motion *in limine*.  (Doc. #72 at ¶ 3).

The Court held a final pretrial conference on January 19, 2016, at which time it heard arguments from both parties on pending motions *in limine*.  Regarding Defendant's motion to preclude the officers from testifying about criminal indicators, the Court reserved ruling.  (Doc. #91).  For reasons not pertinent here, the Court also continued the trial until March 9, 2016.

On February 16, 2016, the Court held a status conference, at which time it reheard arguments on, among other things, Defendant's motion to exclude the officers' testimony on criminal indicators.  Defendant reiterated that allowing such testimony would be akin to expert testimony under Rule 702 rather than lay testimony, and because the Government did not comply with Rules 16 and 26 of the Federal Rules of Criminal Procedure in terms of disclosure, the Government could not elicit such expert testimony at trial. The Government argued, as it does now, that the officers can testify that the items they observed are criminal indicators of transporting illegal aliens based on their

particularized knowledge garnered from years of experience. The Government relied on Rule 701 of the Federal Rules of Evidence.

Over the Government's objection, the Court found that the officers could not opine that their observations of, for example, aftermarket tint in the rental car, the Elegua statute sitting on the console, beads hanging from the rear view mirror and the hamburger roll bags in the front seat, are indicative of criminal activity. However, the Court made clear that the officers could testify about what they observed and that such items roused their suspicions during the stop. It also permitted the Government to argue in its closing statement that those items were suspect, and based on such arguments and the testimony, the jury could easily make its own determination about any criminal activity. Again, the Court only precluded the officers from testifying that their observations are indicative of criminal activity because of their training and experience in that area. The Government now moves the Court to reconsider its decision.

Rule 701 governs the admissibility of opinion testimony by lay witnesses. It provides that, "*[i]f a witness is not testifying as an expert*, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701 (emphasis added). Subsection (c) was added in 2000 in order "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701, Advisory Committee Notes (2000); *see also United States v. Thomas*, No. 15-10960,

2015 WL 7292778, at *2 (11th Cir. Nov. 15, 2015). The Advisory Committee Notes on Rule 701 also state:

> [t]he amendment does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*. Certainly it is possible for the same witness to provide both lay and expert testimony in a single case. *See, e.g., United States v. Figueroa-Lopez,* 125 F.3d 1241, 1246 (9th Cir. 1997) (law enforcement agents could testify that the defendant was acting suspiciously, without being qualified as experts; however, the rules on experts were applicable where the agents testified on the basis of extensive experience that the defendant was using code words to refer to drug quantities and prices).

Fed. R. Evid. 701, Advisory Committee Notes (2000).

Upon careful consideration of the Government's arguments, applicable case law, and the Federal Rules of Evidence, the Court stands by its initial ruling. The officers may not testify that the items they observed during the underlying traffic stop were criminal indicators of unlawfully transporting illegal aliens based on their experience. Such testimony is based on an officer's knowledge, skill, experience, training, and education in human trafficking and is thus expert testimony under Rule 702 that requires the appropriate disclosures. Because the Government did not disclose the officers' testimony as possible expert testimony, the Court will not permit them to offer such evidence. That said, the Court does not find the Government's case against Defendant to be hindered by this ruling, as the Government may still question the officers about what they saw and will allow them to testify that such items aroused their suspicion. The Court simply will not allow the officers to opine or label the items they observed as criminal indicators of unlawful transportation of illegal aliens.

Accordingly, it is now

**ORDERED:**

The United States of America's Motion for Reconsideration (Doc. #107) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 4th day of March 2016.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record