UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                  CASE NO: 2:15-cr-59-FtM-38MRM

YOHANY HERNANDEZ-HERNANDEZ

_____

### **ORDER**[1]

This matter comes before the Court on Defendant Yohany Hernandez-Hernandez's Motion *in Limine* to Preclude Introduction of Alien I-213 Forms (Doc. #111) filed on March 3, 2016.[2]  That same day, the United States filed an Opposition to Defendant's Motion (Doc. #112).  Defendant's motion is thus ripe for review.

Before delving into the merits, the Court will first discuss a matter of general housekeeping.  The Government filed its Witness List (Doc. #102) and Exhibit List (Doc. #103) on February 15, 2016.  Shortly thereafter, the Court held a status conference to discuss, among other things, the alien files now at issue.  Defendant did not challenge the I-213 forms at the status conference despite the opportunity to do so.  The deadline to file motions *in limine* has also long expired.  Meaning, in short, Defendant's current

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Government filed its Witness List (Doc. #102) and Exhibit List (Doc. #103) on February 15, 2016. The Court held a status conference on February 16, 2016 to discuss, among other things, the alien files. Defendant did not object to the I-213 forms at the status conference despite the opportunity to do so. The deadline to file any motions in limine also has long expired. Defendant is not alone in filing belated motions, as the Government also filed a late motion *in limine* (Doc. #105).  Although the Court will not strike the motions as untimely, both parties are advise that such leniency will not be given in the future – in this case or others.

objections are untimely.   But Defendant is not alone in ignoring the Court's deadlines. The Government also filed a late motion *in limine*. (Doc. #105).   Although the Court will not strike these motions as untimely, both parties are advise that such leniency will not be given in the future – in this case or others.

On May 13, 2015, a federal grand jury indicted Defendant for knowingly transporting five illegal aliens, identified as PLG, ACM, FPD, JLL, and OLM, within the United States in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i). (Doc. #12).  This case is set for trial on March 9, 2016, and the Government intends to introduce, among other evidence, the aliens' I-213 forms.    (Doc. #103).    An I-213 Record of Deportable/Inadmissible Alien is a form routinely completed by immigration officials for every alien who illegally enters or is present in the United States and is apprehended. The Government also lists the five aliens as potential witnesses.  (Doc. #102).

Defendant takes issue with the Government introducing the I-213 forms.  (Doc. #111).  He argues that, if any alien does not testify at trial, the Court should preclude the Government from introducing this evidence because it is impermissible hearsay under the Federal Rules of Evidence and amounts to a violation of his Sixth Amendment confrontation rights.  (Doc. #111).  He continues that the I-213 forms were prepared to create evidence for trial and not contemporaneously with the aliens' apprehension as required.  (Doc. #111).

The Court needs look no further than *United States v. Caraballo*, 595 F.3d 1214 (11th Cir. 2010) to know that I-213 forms are generally admissible.  In *Caraballo*, the Eleventh Circuit explained that because I-213 forms are "routinely completed by Customs and Border Patrol agents in the course of their non-adversarial duties, not in the course

of preparing for a criminal prosecution," they fall under the public records exception to the hearsay rule and do not otherwise violate a defendant's confrontation rights. *Id.* at 1226; *see also United States v. Rivera-Soto*, 451 F. App'x 806, 807 (11th Cir. 2014) ("We have previously held that 'routinely and mechanically kept' immigration records, such as deportation warrants, are admissible as public records."). Therefore, such files and records were not testimonial statements subject to the defendant's Confrontation Clause rights. *Id.* at 1229.

However, the rationale underlying *Carabello* erodes when the records are prepared in anticipation of trial and not as part of a routine administrative function. *See United States v. Cantellano*, 430 F.3d 1142 (11th Cir. 2005); *see also Agustino-Hernandez*, 14 F.3d at 43 ("Where, as here, the admitted records were prepared long before the alleged offense and relied on in daily I.N.S. operations, there are no hearsay concerns, for the 'custodian . . . had no incentive to do anything other than mechanically record the relevant information.'" (citation omitted)).

Here, it appears that two of the I-213 forms were created only weeks prior to trial and well after the underlying facts. The only logical conclusion to be drawn is that these forms were prepared for litigation and not as part of the "routine" procedures accompanying the aliens' apprehension. The Court cannot, as the Government requests, turn a blind eye to these facts that may ultimately render the documents inadmissible. That said, the Court is hesitant to exclude the I-213 forms on the limited information available. These inconsistent dates could be the result of a scrivener's error, and the Government's response is wholly unhelpful in explaining the discrepancy. Accordingly, the Court will admit the I-213 forms only after the Government has demonstrated why

these documents – given their dates – were prepared *routinely* to qualify as a public record under Rule 803(8), and why they do not violate Defendant's confrontation rights. Furthermore, this matter may be moot if all five aliens testify at trial.

Accordingly, it is now

**ORDERED:**

The Court reserves ruling on Defendant Yohany Hernandez-Hernandez's Motion *in Limine* to Preclude Introduction of Alien I-213 Forms (Doc. #111) until trial.

**DONE AND ORDERED** at Fort Myers, Florida, this 4th day of March, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Recorde